UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTHA M.,<br><br>            Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | CASE NO. C25-5208-BAT<br><br>**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE** |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. She contends the ALJ erred in assessing plaintiff's testimony and the lay witness evidence and in rejecting a limitation on overhead reaching; she seeks remand for further administrative proceedings. Dkt. 7. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 33 years old and was 28 years old on her alleged onset date, has at least a high school education, and has worked as a cosmetologist and masseuse. Tr. 31. She applied for benefits in September 2021, alleging disability as of November 29, 2019. Tr. 226. After her application was denied initially and on reconsideration, the ALJ conducted a hearing and, on May 1, 2024, issued a decision finding plaintiff not disabled. Tr. 17-33. The Appeals

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 1

Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found plaintiff has not engaged in substantial gainful activity since the allege onset date; Plaintiff has the following severe impairments: Ehlers-Danlos syndrome, chronic fatigue syndrome, and bipolar disorder (alternatively diagnosed as autism spectrum disorder and attention deficit hyperactivity disorder); and these impairments do not meet or equal the requirements of a listed impairment. Tr. 19-21. The ALJ found plaintiff has the residual functional capacity (RFC) to perform light work except she can occasionally climb ladders, ropes, and scaffolds; occasionally crawl; occasionally have exposure to vibration and to temperature and humidity extremes; understand, remember, and apply detailed but not complex instructions, but not in a fast-paced, production-type environment; perform predictable tasks; and be exposed to only occasional workplace changes. Tr. 23. The ALJ found plaintiff cannot perform her past work but as there are jobs that exist in significant numbers in the national economy that plaintiff can perform, she is not disabled. Tr. 31-33.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

(9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id*.

  A.  **Plaintiff's Testimony**

  Plaintiff argues the ALJ erroneously rejected her statements about her symptoms from chronic fatigue syndrome and Ehlers-Danlos syndrome. Dkt. 7 at 2. Where, as here, the ALJ did not find plaintiff was malingering, the ALJ must provide clear and convincing reasons to reject her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In other words, an ALJ's finding that a claimant's testimony is not credible must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

  The ALJ found numerous inconsistencies undermined plaintiff's statements about her symptoms. Tr. 24. The ALJ found plaintiff's reported mental limitations were inconsistent with the evidence, noting in her February 2022 autism evaluation, plaintiff had no difficulty sustaining attention, she did not require breaks, she answered all questions and appeared to put forth her best effort, and she used an organized and efficient approach to answering questions. Tr. 25. The ALJ found plaintiff demonstrated similar capabilities at a March 2023 consultative examination and at the hearing. *Id.* The ALJ noted plaintiff's reports she had difficulty with remembering, concentrating, understanding, and following instructions, including a report that she struggled to pay attention for more than 3 to 10 minutes. Tr. 24 (citing Tr. 288-95, 304-12).

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 3

The ALJ could reasonably conclude that plaintiff's abilities as demonstrated in the record were inconsistent with plaintiff's reported limitations in these areas.

The ALJ also found plaintiff engaged in activities that were inconsistent with the level of physical and mental impairment she asserted. Tr. 25. The ALJ noted plaintiff's reports that she cares for her dogs, including feeding them, giving them medication, and picking up waste from her patio; she also prepares her own meals, does light household chores, drives a car, shops in stores and by using a computer, handles finances, watches television, does crafts such as knitting, sewing, crocheting, and embroidery, and engages in regular social activity in person, on the phone, and by texting; and plaintiff testified she is able to assess and mimic social behaviors and she could likely perform work that is not socially challenging. *Id.*

An ALJ may consider a claimant's activities when evaluating her testimony. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ may not penalize a claimant for attempting to live a normal life in the face of her limitations. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). But contradictions between a claimant's reported activities and her asserted limitations can be a reason to discount claimant testimony. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

Plaintiff argues the ALJ overlooked or disregarded details about how she performs her activities, noting she reported she needs help to complete many of the activities, she takes frequent breaks, and she needs to rest after completing activities. Dkt. 4. Plaintiff asserts the activities as she performs them are consistent with the degree of pain and fatigue she reported. *Id.* at 5. Plaintiff alleged debilitating pain and fatigue but reported a wide range of daily activities that, even if performed as she described, the ALJ could reasonably conclude were inconsistent with those allegations. Plaintiff proposes an interpretation of her activities that is consistent with

her statements, but that is insufficient to establish error in the ALJ's assessment of her testimony. *Thomas*, 278 F.3d at 954. The ALJ accordingly did not err in finding plaintiff's activities were inconsistent with her testimony.

The ALJ found plaintiff's reports of difficulty with postural movements and sitting were inconsistent with her report that she was able to drive from San Francisco to Washington State over four and a half days with breaks. Tr. 25. Plaintiff presents calculations to support an assertion that making this drive over four and a half days on the most direct route would require driving an average of two and a half hours per day. Dkt. 7 at 6. She asserts these calculations, along with her reports that she took regular rest breaks, establish this was not a demanding activity. *Id.* Plaintiff has presented an interpretation of this activity that she asserts is consistent with her claims. But plaintiff's calculations of proposed routes and average driving times do not establish she in fact undertook the drive in the manner she describes here. Instead, plaintiff has presented an alternative interpretation of the evidence in a light more favorable to her claims. But the Court cannot rely on plaintiff's proposed alternative interpretation where the ALJ's finding is a reasonable interpretation of the evidence. The ALJ could reasonably conclude that plaintiff's ability to drive that distance in the stated length of time was inconsistent with her reports of difficulty with postural movements and sitting.

The ALJ found an inconsistency in plaintiff's function reports, noting that plaintiff reported in December 2021 that she did not use a walker, cane, or other assistive device, but she reported in October 2022 that she had a rollator (four-wheeled walker) since February 2020 that she used as needed.[2] Tr. 25. Plaintiff argues the ALJ did not connect her failure to report use of a

---

[2] The ALJ described the rollator as "prescribed," but plaintiff reported it was "recommended" by a neurologist. Tr. 311. However, it does not appear that the ALJ considered whether a rollator

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 5

rollator in December 2021 to her pain and fatigue symptoms and, even if he had, it is unreasonable to rely on a minor oversight to discredit her symptoms reports. Dkt. 7 at 9. Although plaintiff characterizes this inconsistency as a minor oversight, it is for the ALJ to determine the weight to give to conflicts and ambiguities in the evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ could reasonably conclude plaintiff's inconsistency in her reports about her use of a rollator undermined her claims of pain and fatigue. The ALJ did not err in considering this inconsistency when evaluating plaintiff's testimony.

The ALJ noted plaintiff's testimony she has struggled with some of her impairments, including autism, Ehlers-Danlos syndrome, ADHD, and chronic pain, her whole life, yet these impairments did not stop her from working previously and she was able to complete a four-year college degree while working part-time. Tr. 25. Plaintiff asserts the ALJ did not include chronic fatigue syndrome among these impairments and there is no evidence that her Ehlers-Danlos syndrome was static over her lifetime, arguing this undermines the ALJ's reasoning especially with respect to plaintiff's reported fatigue. Dkt. 7 at 9-10. But the ALJ was not precluded from considering plaintiff's ability to engage in work and schooling despite her impairments simply because not all her impairments were present or present at their current levels at the time. The ALJ did not err by considering plaintiff's ability to work and complete schooling in the past despite her impairments.

The ALJ also noted plaintiff's testimony she is able to drive despite her syncope episodes that come on with only one minute warning, and she has numerous friends and a good support system in Washington, finding this testimony inconsistent with her other statements alleging

---

was medically necessary but rather focused on the inconsistency in plaintiff's reports about her use of a rollator.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE - 6

more significant physical and mental limitations. Tr. 25-26. Again, the ALJ reasonably considered these inconsistencies when evaluating plaintiff's testimony.

Overall, the ALJ identified numerous inconsistencies between plaintiff's statements and other evidence in the record, and between various statements plaintiff made at different times. Although plaintiff offers explanations for these discrepancies or proposes interpretations of them that could be consistent with her claims or that minimize the discrepancies, the court cannot rely on those alternative explanations to overturn the ALJ's assessment of plaintiff's testimony. The inconsistencies the ALJ identified constituted a clear and convincing reason, supported by substantial evidence, for discounting plaintiff's testimony about the intensity of her symptoms.

The ALJ also evaluated the objective evidence with respect to plaintiff's Ehlers-Danlos syndrome and chronic fatigue syndrome. Although lack of supporting objective medical evidence cannot be the sole reason an ALJ discounts subjective complaints, it is a relevant factor that the ALJ can consider in his credibility analysis. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

With respect to chronic fatigue syndrome, the ALJ found the objective medical evidence only partially supported plaintiff's alleged symptoms, noting the diagnosis was confirmed based primarily on plaintiff's subjective statements, although objective testing was unable to provide an alternate diagnosis, and that the record showed no significant loss of muscle bulk, tone, or strength and plaintiff consistently appeared alert. Tr. 26. The ALJ concluded the record was consistent with a severe impairment and that plaintiff was capable of work consistent with the RFC finding. *Id.*

Plaintiff argues that while muscle weakness may occur with chronic fatigue syndrome, it is not a hallmark of the disorder or one of the diagnostic criteria, and she did not allege such

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 7

extreme limitations in standing and walking that muscle wasting would be expected. Dkt. 7 at 7. She further argues being alert means only that she was awake and could respond to stimuli, and that she was found to be alert at the examination where she was diagnosed with chronic fatigue syndrome. *Id.*

As plaintiff notes, chronic fatigue syndrome is not diagnosed based on objective criteria; the ALJ did not reject the impairment on that basis. However, the ALJ was entitled to consider the objective evidence when assessing plaintiff's statements. The ALJ could reasonably conclude that the lack of objective evidence to support the degree of plaintiff's claimed limitations, including largely normal physical examinations, undermined her claims. Again, plaintiff disagrees with the ALJ's interpretation of the evidence, but that is insufficient to establish error.

With respect to Ehlers-Danlos syndrome, the ALJ noted the primary treatment was activity modification to avoid aggravating activities, discussed the findings that confirmed her diagnosis including predisposition to neurocardiogenic syncope and other abnormalities, and noted plaintiff generally retained normal gait, motor strength, and mostly full range of motion. *Id.* Plaintiff argues a lack of objective corroborating evidence cannot be the sole reason for rejecting symptom reports. Dkt. 7 at 8. However, the ALJ provided other, valid reasons for discounting plaintiff's testimony. The ALJ did not err in considering whether the objective evidence supported plaintiff's claims with respect to Ehlers-Danlos syndrome.

In sum, the ALJ provided clear and convincing reasons, supported by substantial evidence, to discount plaintiff's statements about the severity of her symptoms.

**B.      Lay Witness Evidence**

Plaintiff argues the ALJ failed to articulate germane reasons for discounting the statement of her former partner, Alexander C. Dkt. 7 at 10. Lay testimony as to a claimant's symptoms is

competent evidence that the ALJ must take into account, unless the ALJ rejects the lay testimony by giving specific reasons, based on evidence in the record, that are germane to that witness. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2008).

The Commissioner asserts the revised regulations no longer require the ALJ to articulate germane reasons for discounting lay witness evidence. Dkt. 9 at 4. The relevant portion of the revised regulations states: "Evidence from nonmedical sources. We are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a)-(c) in this section." 20 C.F.R. § 404.1520c(d). The plain language of the regulation states that the ALJ is not required to discuss lay witness statements using the framework required for discussing medical opinions (located in paragraphs (a)-(c) of that section), not that the ALJ is not required to articulate reasons for discounting lay evidence. The Court will therefore evaluate whether the ALJ provided germane reasons, supported by substantial evidence, for discounting Mr. C's statement.

Mr. C. stated plaintiff could not maintain her activity levels or routines and could not keep up with chores in her living space; he did not believe she could work. Tr. 277. He stated that plaintiff often needed help with some household chores and had trouble finishing projects she started, although he acknowledged that she took care of many household tasks, including preparing simple meals, doing her laundry, shopping in person and online, and managing her own finances. Tr. 278-81. He reported plaintiff enjoyed learning about various hobbies and crafts by watching videos and reading. Tr. 281. He did not report she used any assistive device but reported she had difficulty with mobility due to pain and subluxations/dislocations. Tr. 282-83.

The ALJ found Mr. C.'s statement was mostly consistent with plaintiff's reports but, as with plaintiff's statements, was not entirely consistent with the objective medical evidence

1  previously cited in the decision. Tr. 31. The ALJ found Mr. C.'s statement about plaintiff's
2  capacity for learning new crafts was inconsistent with plaintiff's reports that she had trouble
3  learning new things. *Id.* And the ALJ found that Mr. C.'s statement plaintiff could not work was
4  neither valuable nor persuasive as that is an issue reserved to the Commissioner. *Id.*

5  Plaintiff argues the ALJ erred in discounting Mr. C.'s statement as inconsistent with the
6  objective evidence for the same reasons she argued with respect to her statements. Dkt. 7 at 10.
7  However, where an ALJ has provided clear and convincing reasons for discounting a claimant's
8  testimony, those reasons are germane reasons for rejecting similar lay witness testimony. *See*
9  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). And an ALJ may
10 discount lay testimony that is inconsistent with the medical evidence. *Lewis v. Apfel*, 236 F.3d
11 503, 511 (9th Cir. 2001). The ALJ validly discounted Mr. C.'s statement as inconsistent with the
12 objective evidence for the same reasons he found plaintiff's testimony to be so.

13 Plaintiff also challenges the ALJ's assessment of Mr. C.'s statement regarding plaintiff
14 and learning new crafts. Dkt. 7 at 11. She notes that Mr. C. stated that plaintiff enjoyed "learning
15 about various hobbies/crafts by watching videos and reading, when she can," Tr. 281, asserting
16 that Mr. C. did not state she was "learning new crafts" as the ALJ found. Dkt. 7 at 11. She
17 further asserts that this statement is consistent with plaintiff's own reports that she watched
18 television daily. Dkt. 7 at 11.

19 The distinction plaintiff attempts to draw does not establish error in the ALJ's assessment
20 of Mr. C.'s statement. Although plaintiff is correct that Mr. C. stated plaintiff enjoyed "learning
21 about" new crafts, not "learning" new crafts, the ALJ could reasonably construe Mr. C.'s
22 statement as inconsistent with plaintiff's statements that she had trouble learning new things. The
23 ALJ reasonably interpreted Mr. C.'s statement as inconsistent with plaintiff's reports, and this

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 10

inconsistency was a germane reason to discount his statement. *See Carmickle v. Astrue*, 533 F.3d 1155, 1164 (9th Cir. 2008) (ALJ may discount lay witness evidence that is inconsistent with the claimant's reported activities).

The Court affirms the ALJ's assessment of Mr. C's statements as the ALJ gave specific, germane reasons, supported by substantial evidence for his statements.

**C.     Overhead Reaching Limitation**

Plaintiff argues the ALJ erred by rejecting the overhead reaching limitation assessed by two state agency physicians. Dkt. 7 at 11-12. When considering medical opinions, the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), but supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ must explain in her decision how she considered the factors of supportability and consistency. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

In August 2022 and December 2022, Rudolph Titanji, M.D., and Phillip Matar, M.D., reviewed the record and opined plaintiff was limited to frequent overhead reaching in both arms, along with additional postural limitations. Tr. 100, 112. The ALJ found the opinions partially persuasive, finding the record was not consistent with the reaching and postural limitations they assessed. Tr. 28. The ALJ did not include a reaching limitation in the RFC finding. Tr. 23.

Plaintiff argues the ALJ erred by failing to explain how he considered the supportability factor when evaluating these opinions. Dkt. 7 at 12. The Commissioner asserts the ALJ's finding was supported by substantial evidence and that, even if the ALJ erred in considering these

opinions, any error is harmless because the jobs the VE identified and the ALJ relied on at step five do not require more than frequent reaching. Dkt. 9 at 6. The Court agrees with the Commissioner that any error in the ALJ's assessment of these opinions is harmless.

An error is harmless where it is inconsequential to the ALJ's ultimate nondisability determination. *Molina*, 674 F.3d at 1122. Here, the VE testified that a person with plaintiff's RFC and other vocational factors could perform the following jobs: storage facility rental clerk, marker, and router. Tr. 76. The DOT specifies each of these jobs requires frequent reaching. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (DOT) 209.587-034 Marker, *available at* 1991 WL 671802 (frequent reaching); DOT 295.367-026 Storage Facility Rental Clerk, *available at* 1991 WL 672594 (frequent reaching); DOT 222.587-038 Router, *available at* 1991 WL 672123 (frequent reaching). The VE testified her testimony was consistent with the DOT and SCO and/or her experience and training. Tr. 78. The ALJ relied on the VE's testimony about these jobs to find plaintiff not disabled at step five. Tr. 32.

The Commissioner asserts that based on the job requirements specified in the DOT, plaintiff cannot show that adding the overhead reaching limitation opined by these doctors finding would have had any impact on the ALJ's ultimate decision. Dkt. 9 at 6-7. The Commissioner is correct. A limitation to frequent overhead reaching is compatible with the jobs the VE identified and the ALJ relied on, which do not require more than frequent reaching. Adding this limitation to the RFC finding would not have changed the ALJ's ultimate decision.

Plaintiff argues in reply the error cannot be harmless because the ALJ had an express duty to resolve any conflicts between the vocational expert's testimony and information in the DOT and the ALJ did not satisfy this duty. Dkt. 10 at 7. But plaintiff does not identify any conflict between the VE testimony and the DOT that the VE failed to identify or the ALJ failed

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 12

to reconcile, or even between the jobs as described in the DOT and the overhead reaching limitation the doctors opined. As noted above, the DOT specifies that the jobs at issue do not require more than frequent reaching. The fact that the DOT does not specify directions in the reaching limitation is not a conflict.

Accordingly, even if the ALJ erred in rejecting the overhead reaching limitation, any such error was inconsequential to the ALJ's decision and therefore harmless.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 2nd day of September, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge